Argued and submitted March 1, reversed April 17, 1991

Janine SARTI,
Bruce Kubler, Joe DeFrancesco, Joan DeFrancesco,
Lynn Ryan, Margaret Ryan, Ann Hertzberg,
Mary Sharp, Ruby Paulson, Ann Savage,
Robert Bankhead and Marty Bankhead,
*Respondents,*

*v.*

CITY OF LAKE OSWEGO,
*Respondent Below,*

*and*

Bev LINDEMANN,
*Petitioner.*

(LUBA 90-116; CA A68254)

809 P2d 701

J. Kristen Pecknold, Portland, argued the cause for petitioner. With her on the brief was Reeves, Kahn & Eder, Portland.

Mildred J. Carmack, Portland, argued the cause for respondents. With her on the brief were Steven W. Abel and Schwabe, Williamson & Wyatt, Portland.

Before Richardson, Presiding Judge, and Rossman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The City of Lake Oswego granted petitioner a conditional use permit to operate a private dance school, with instruction in "tap, jazz, ballet and tumbling," in a residential zone. The permit was issued pursuant to a provision of the city's zoning ordinance that conditionally allows "institutional uses" in residential zones. Those uses include, *inter alia,* "private educational [or] cultural * * * facilities." Respondents appealed to LUBA; it reversed the city's decision, concluding that the school was neither an educational nor a cultural facility within the meaning of the ordinance. Petitioner seeks review, and we reverse.

Most of LUBA's opinion discusses whether the school qualifies as an educational facility. LUBA first rejected respondents' argument that, because the school would be a private profit making enterprise, it is "commercial" in character and therefore cannot qualify as an institutional use under the city's plan and zoning legislation. LUBA correctly concluded that the two are not mutually exclusive. LUBA then addressed respondents' argument that, because dance schools are specifically listed as permissible in some of the city's commercial zones and are not specifically mentioned in the "institutional use" provision, they necessarily were not intended to come within the latter. LUBA disagreed with that broad proposition. However, it concluded that the use of the specific reference elsewhere in the ordinance was "some indication" that the general term "educational facilities" was not intended to include dance schools. It then examined cases from other jurisdictions, holding, *inter alia,* that private dance schools are not "educational" enterprises. LUBA concluded:

> "An expansive interpretation of the term 'educational facilities' introduces the possibility that a large number of uses which include some form of instruction could be 'educational facilities' allowable in the city's residential zones. The city provides no clear indication in the zoning ordinance that a[n] expansive construction was intended. If the city intends such an expansive meaning, it can amend its zoning ordinance to clearly state that intent. As the zoning ordinance is now structured and worded, we find no basis for concluding the city intended 'educational facilities' to have a meaning broader than that observed in a majority of other jurisdictions. To the contrary, the city specifically provides for dance

schools in its commercial districts under a different category of use."

LUBA then also rejected the city's conclusion that the school qualifies as a cultural facility. It said:

"Whether a private dance school may properly be considered a 'cultural facility' presents a somewhat closer question. However, for many of the same reasons discussed above concerning the city's intended scope of the term 'educational facilities,' we conclude the term 'cultural facilities' was not intended to include private dance schools. There is no explicit indication in LOC 48.200 that such a broad meaning was intended, and dance schools are explicitly allowed in three of the city's commercial districts. There are, no doubt, a variety of facilities that some segment of any community would classify as 'cultural.' However, we do not believe a private dance school is properly classified as a 'cultural facility,' any more than a football or soccer camp is properly viewed as a cultural facility, for planning and zoning purposes."

Petitioner contends, first, that respondents did not adequately raise the issue of whether the school qualifies as a cultural facility in their appeal to LUBA. Although the question is close, we disagree.

Petitioner next contends that LUBA was wrong in concluding that a dance school of this kind is not a "cultural facility." We agree. In the absence of any definition or extrinsic or intrinsic evidence showing a contrary legislative intent, the words "cultural facility" must be construed in accordance with their plain and ordinary meaning. *Clatsop County v. Morgan,* 19 Or App 173, 176, 526 P2d 1393 (1974). "Cultural" is defined in *Webster's Third New International Dictionary* 552 to mean, in part, "of or relating to the artistic and intellectual aspects or content of human activity." The ordinary meaning of "artistic" clearly encompasses the dance activities that the city would permit at the school. As petitioner notes:

"LUBA analogizes the dance school to a football or soccer camp when a more appropriate analogy would be to * * * a music school or art school."

Reversed.